IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:20-CR-3125 |
| vs. | |
| ERIKA VARGAS, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court upon initial review of the pro se motion to vacate under 28 U.S.C. § 2255 (filing 61) filed by the defendant, Erika Vargas. The motion was timely filed less than 1 year after the defendant's conviction became final. *See* § 2255(f). The Court's initial review is governed by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

A § 2255 movant is entitled to an evidentiary hearing unless the motion and the files and records of the case conclusively show the movant is entitled to no relief. § 2255(b); *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir.

2010). Accordingly, a motion to vacate under § 2255 may be summarily dismissed without a hearing if (1) the movant's allegations, accepted as true, would not entitle the movant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995); see also Sinisterra, 600 F.3d at 906.

## BACKGROUND

The defendant was charged on November 20, 2020 with, among other things, one count of knowingly and intentionally distributing 5 grams of methamphetamine (actual) on or about September 4, 2019, with a prior final conviction for a serious drug felony. Filing 1 at 1. She ultimately agreed to plead guilty to that count in exchange for dismissal of another distribution count. Filing 38 at 1.

The petition to enter guilty plea expressly laid out that the charge to which the defendant was pleading guilty carried a mandatory minimum sentence of 10 years, imprisonment, and a maximum sentence of life imprisonment. Filing 37 at 4. The plea agreement, which the defendant signed, also clearly stated that the charge carried a "maximum of life in prison; and a mandatory minimum of 10 years." Filing 38 at 4. In the plea agreement, the defendant also admitted intentionally distributing at least 5 grams of actual methamphetamine. Filing 38 at 2.

At her change of plea hearing, the defendant testified under oath that she had reviewed and signed the petition and plea agreement, and that her counsel had answered any questions she had about the plea agreement. Filing 42 at 4-5. She was also advised—twice—that the charge to which she was pleading guilty carried a mandatory minimum sentence of 10 years'

imprisonment. Filing 42 at 4, 8. And she admitted knowingly distributing 5 grams or more of actual methamphetamine. Filing 42 at 18.

The presentence investigation report found the defendant responsible for 15.2 grams of methamphetamine mixture and 12 grams of actual methamphetamine, with the purity of the 12 grams having been confirmed by laboratory testing. Filing 57 at 6. With a total offense level of 21, and a criminal history category IV, the guidelines sentencing range would have been 57 to 71 months—but as a result of the statutory mandatory minimum sentence, the guidelines range was 120 to 120 months. Filing 57 at 16, *see also* filing 56 at 1. The defendant was sentenced to 120 months' imprisonment. Filing 55.

## DISCUSSION

The defendant's motion alleges four grounds for relief, all premised on alleged ineffective assistance of counsel: (1) failure to file an appeal, (2) failure to "file and argue the quantity and purity of the methamphetamine," (3) failure to communicate and explain "the 'mandatory minimum' sentencing regime," and (4) failing to "argue defendant's disadvantages in life, therefore arguing for downward departures." Filing 61. The first basis will require an evidentiary hearing. The rest are without merit.

To establish a claim of ineffective assistance of counsel, the defendant must show that her attorney's performance was deficient and that this prejudiced her defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). Deficient performance can be shown by demonstrating that counsel's performance fell below an objective standard of reasonableness. *Id.* at 688. However, the Court's scrutiny of counsel's performance is highly deferential, because the Court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689.

To satisfy the prejudice prong of *Strickland*, the defendant must show that counsel's error actually had an adverse effect on the defense. *Gregg v. United States*, 683 F.3d 941, 944 (8th Cir. 2012). The defendant must do more than show that the errors had some conceivable effect on the outcome of the proceeding. *Id*. Rather, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. A "reasonable probability" is less than "more likely than not," but it is more than a possibility; it must be sufficient to undermine confidence in the outcome of the case. *Paul v. United States*, 534 F.3d 832, 837 (8th Cir. 2008).

In the context of a challenge to a guilty plea, the deficient performance and prejudice are demonstrated if the defendant can prove that (1) her counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's alleged errors, she would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58–60 (1985); *Tinajero-Ortiz v. United States*, 635 F.3d 1100, 1103 (8th Cir. 2011).

1. FAILURE TO FILE NOTICE OF APPEAL

The defendant's motion asserts that her counsel "failed to file an appeal when one was requested after sentencing." Filing 61 at 4. An attorney's failure to file a notice of appeal upon the client's request constitutes ineffective assistance of counsel, and no specific showing of prejudice is required. *United States v. Sellner*, 773 F.3d 927, 930 (8th Cir. 2014). Even if the client waived her right to appeal as part of a plea agreement, prejudice is presumed if she asked her attorney to file a notice of appeal and the attorney did not do so. *Id*.

For such a claim to succeed, the defendant must show that she manifestly instructed her counsel to file an appeal. *Eagle v. United States*, 742

- 4 -

F.3d 1079, 1082 (8th Cir. 2014). A bare assertion by the defendant that she made a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition. *Id.* But the Court cannot resolve this claim without an evidentiary hearing. *Sellner*, 773 F.3d at 930.

### 2. FAILURE TO CHALLENGE QUANTITY AND PURITY OF METHAMPHETAMINE

The defendant's motion asserts that her counsel "failed to challenge the quantity and quality of the cocaine base." Filing 61 at 5. No evidentiary hearing is required on this claim, for two reasons. First, the plaintiff alleges no facts from which it could be inferred that there was any basis for such an argument. See *Anderson v. Bowersox*, 262 F.3d 839, 841 (8th Cir. 2001). And as set forth above, the defendant expressly, repeatedly admitted both that she sold methamphetamine, and the quantity and purity involved. See *Lindsey v. United States*, 310 F.3d 606, 608 (8th Cir. 2002).

But more importantly, the defendant's sentence was not based on the amount of methamphetamine, because of the mandatory minimum. Therefore, the defendant could not have been prejudiced by any failure to challenge the drug quantity or purity, even if there was a factual basis for such a challenge. See *United States v. Watson*, 332 F. App'x 341, 343 (8th Cir. 2009).

### 3. FAILURE TO COMMUNICATE AND EXPLAIN MANDATORY MINIMUM

The defendant claims her counsel didn't "communicate" with her and didn't explain the "mandatory minimum." Filing 61 at 6. But that claim is contradicted by the record. The defendant admitted, at her change of plea hearing, selling 5 grams or more of methamphetamine. She was also advised of the consequences of pleading guilty—including, repeatedly, about the mandatory minimum sentence. A defendant's representations during plea-

taking, such as those concerning the voluntariness of the plea, carry a strong presumption of verity, and pose a formidable barrier in any subsequent collateral proceedings. *Nguyen v. United States,* 114 F.3d 699, 703 (8th Cir. 1997). Even if counsel somehow failed to explain that, there is no basis to conclude that the defendant was prejudiced when the mandatory minimum sentence was made clear in a number of other ways—certainly not on the basis of the defendant's bare allegation.

In sum, nothing in the record suggests that the advice given by counsel unreasonable, or that more communication between counsel and the defendant would have led to a different result.

### 4. FAILURE TO ARGUE FOR DEPARTURE

Finally, the defendant alleges that counsel was ineffective in failing to "argue defendant's disadvantages in life, therefore arguing for downward departures." Filing 61 at 8. But again, the sentence in this case was based on the mandatory minimum sentence—and given the otherwise-applicable guidelines range of 57 to 71 months, it was evident to everyone that the Court would sentence the defendant to the mandatory minimum. There was no way to argue for a lower sentence—certainly no way the defendant has identified—nor could the defendant have been prejudiced by any failure to do so.

### CONCLUSION

The Court has completed its initial review of the defendant's § 2255 motion. The files and records conclusively establish that three of the defendant's claims are without merit. However, her first claim—that she received ineffective assistance of counsel when her counsel did not file an appeal—is not contradicted by the current record. An evidentiary hearing is required to resolve that claim.

IT IS ORDERED:

1. As set forth above, the defendant's second, third, and fourth claim are without merit and will be dismissed with prejudice. The Court will hold an evidentiary hearing on the remaining claim.

2. The Court will authorize the appointment of counsel for the defendant by a separate order. The Clerk shall provide a copy of this order to defendant's new counsel, upon their appointment.

3. Upon entering an appearance, counsel for the defendant shall confer with the Assistant United States Attorney, and the parties shall contact the office of the Magistrate Judge to schedule an evidentiary hearing. The parties shall also confer and advise the Magistrate Judge whether they wish to file any pre-hearing briefs or evidentiary materials.

4. The defendant's motion to vacate (filing 61) is referred to the Magistrate Judge.

Dated this 19th day of April, 2023.

BY THE COURT:

John M. Gerrard
Senior United States District Judge